UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| TRUSTEES OF THE LOCAL 309 ELECTRICAL HEALTH AND WELFARE FUND AND LOCAL 309 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, <br><br> Plaintiffs, <br><br> vs. <br><br> ITS SOLAR, LLC <br><br> Defendant. | Case No.: 3:19-cv-00254 |

SERVE:

ITS Solar, LLC
Mr. Richard C. Schmidt, Jr.
Registered Agent
609 South Breese Street
Millstadt, IL 62260

**COMPLAINT**

**PARTIES**

1. Plaintiffs Tim Evans, Charles W. Busch, Michael Stuart, Gary Bland, Ken Keeney, and Matthew Eichholz are Trustees of the Local 309 Electrical Health and Welfare Fund ("Welfare Fund") and control and manage the operation and administration of the Welfare Fund. The Trustees are "fiduciaries" as defined in Section 3(21)(A) of the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

1

2. The Welfare Fund is a covered "employee welfare benefit plan" as defined in Section (3)(1) of ERISA, 29 U.S.C. § 1002(1), and is administered in Collinsville, Illinois. It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

3. Plaintiff, Local 309 International Brotherhood of Electrical Workers, AFL-CIO (herein "Local 309") is a voluntary unincorporated association with its principal office in Collinsville, Illinois. Local 309 exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, terms or conditions of employment and for other purposes. It is a labor organization in an industry affecting commerce within the meaning of the LMRA.

4. Defendant ITS Solar, LLC (herein "ITS Solar") is incorporated and existing under the laws of the State of Illinois.

5. At all times relevant to this action, Defendant ITS Solar was engaged in the electrical construction business with principal place of business at 609 South Breese, Millstadt, Illinois 62260.

6. Defendant ITS Solar is an employer within the meaning of the LMRA, as amended, 29 U.S.C. § 185 and within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

**JURISDICTION AND VENUE**

7. This action arises under Section 301 of the Labor Management Relations Act ("LMRA") of 1947, as amended, 29 U.S.C. § 185, and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, each of which provide that Federal District Courts have jurisdiction over suits thereunder.

8. Venue is proper in this Court in that an action brought by Trust Fund fiduciaries may be brought in a District where the breach took place, where a defendant resides or may be found, or where the plan is administered.  Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).  Defendant ITS Solar resides and the Welfare Fund is administered in this District.  Venue is also proper in this Court under 28 U.S.C. § 1391(b) in that a substantial part of events or omissions giving rise to this claim occurred in this District.

## FACTS COMMON TO ALL COUNTS

9. During all times material herein, Defendant ITS Solar was obligated by the provisions of its Labor Agreement with Local 309 to file reports and pay the monthly contributions due to the Welfare Fund for the benefit of eligible bargaining unit employees who are covered under the Welfare Fund and to withhold authorized working dues from the paychecks of covered employees and to report and pay those dues to Local 309 monthly along with the monthly contributions due to the Welfare Fund.

10. The Trust Agreement of the Welfare Fund is incorporated into the Labor Agreement by reference.

11. At all times relevant hereto, Defendant ITS Solar employed bargaining unit employees and/or individuals covered by the Labor Agreement.

12. The Labor Agreement sets forth the relevant wage and employee benefits contribution rates.

13. On April 5, 2018, Defendant ITS Solar, via Richard "Rick" C. Schmidt, Jr., its duly authorized representative, entered into an Amended Settlement Agreement with the Welfare Fund and Local 309 providing for the payment of unpaid employee benefit contributions and working dues, plus interest and liquidated damages on those unpaid employee benefit

contributions. A full and accurate copy of the signed Amended Settlement Agreement is attached hereto and incorporated herein as Exhibit A.

14. By entering into the Amended Settlement Agreement, Defendant ITS Solar

a. Expressly acknowledged that it owed $19,637.20 in reported contributions to the Welfare Fund for the months of November and December 2017, $6,804.33 in reported working dues to Local 309 for the months of July 2017 through December 2017, $13,772.85 in interest and liquidated damages to the Welfare Fund, and $1,155.20 in attorneys' fees ($1,005.02 to the Welfare Fund and $150.18 to Local 309) and $442.00 in costs ($384.54 to the Welfare Fund and $57.46 to Local 309) under a November 30, 2017 Settlement Agreement, for a total $41,811.58;

b. Agreed to pay the $41,811.58 in contributions, working dues, interest, liquidated damages, attorneys' fees and costs in four installments of $1,000 with a final installment of $37,811.58;

c. Agreed to pay interest and liquidated damages on the $19,637.20 in unpaid contributions to the Welfare Fund in an amount to be calculated upon receipt of the final installment;

d. Agreed to file reports and forward working dues to Local 309 on the 15th day of the month on all covered employees as required by the Labor Agreement; and

e. Acknowledged that its failure to pay the $19,637.20 in reported contributions to the Welfare Fund and $6,804.33 in reported working dues to Local 309 was a violation of the Labor Agreement and ERISA. Ex. A.

15. Under the Amended Settlement Agreement, Defendant ITS Solar agreed that if it missed an installment payment or otherwise failed to comply with the terms of the Amended

Settlement Agreement then the full amount of contributions and working dues, interest, and liquidated damages owed under the Amended Settlement Agreement, minus any payments received from or on behalf of the Defendant ITS Solar, would become immediately due and owing, as well as any additional interest and liquidated damages which would have otherwise accrued on the unpaid contributions and attorneys' fees incurred.  Defendant ITS Solar further agreed that the Welfare Fund and Local 309 could file suit immediately, and that Defendant ITS Solar would not contest liability, that a copy of the Amended Settlement Agreement would constitute conclusive proof of amounts due, and that it would be responsible for any attorneys' fees and costs incurred in enforcing the terms of the Amended Settlement Agreement.  Ex. A.

16.     Defendant ITS Solar paid the four installments of $1,000 due under the Amended Settlement Agreement but failed to fully pay the final installment of $37,811.58.

17.     Under the Amended Settlement Agreement, Defendant ITS Solar agreed that the Welfare Fund and the Union have the right to audit Defendant ITS Solar.

### COUNT I –WELFARE FUND CLAIMS

**COME NOW** Plaintiffs, Trustees of the Welfare Fund, and for their cause of action state:

18.     Plaintiffs reallege and incorporate as part of Count I paragraphs 1 – 16 as if set out herein in full.

19.     The Welfare Fund's claims are for breach of contract between the Plaintiffs and Defendant ITS Solar for payment of unpaid employee benefit contributions, interest, liquidated damages, costs and attorneys' fees due under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, as amended, 29 U.S.C. § 185.

20. To date, Defendant ITS Solar has failed to pay the Welfare Fund $5,637.22 in reported contributions for the months of November and December 2017, $13,772.85 in interest and liquidated damages, $1,005.02 in attorneys' fees and $384.54 in costs due under the Amended Settlement Agreement. Defendant ITS Solar's failure to pay these amounts is in breach of both the Labor Agreement and the Amended Settlement Agreement and a violation of both Section 515 of ERISA and Section 301 of the LMRA.

21. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and the Amended Settlement Agreement, Defendant ITS Solar is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the Welfare Fund. The Trustees of the Welfare Fund have duly set rates for interest and liquidated damages.

22. Under Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), the Welfare Fund Trust Agreement incorporated into the Labor Agreement, and the Amended Settlement Agreement, Defendant ITS Solar is obligated to pay attorney's fees and costs incurred by the Welfare Fund in collecting unpaid contributions.

**WHEREFORE,** the Trustees of the Welfare Fund pray for an order and judgment against Defendant ITS Solar:

A. For payment of the remaining $5,637.22 in reported but unpaid and delinquent contributions owed to the Welfare Fund for the months of November and December 2017;

B. For payment of interest and liquidated damages owed to the Welfare Fund on the full $19,637.20 in late paid and unpaid contributions for months of November and December 2017 in an amount to be calculated;

C. For payment of the $13,772.85 in interest and liquidated damages, $1,005.02 in attorneys' fees and $384.54 in costs due to the Welfare Fund under the terms of the Amended Settlement Agreement.

D. For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E. For such further relief as the Court deems just, equitable and appropriate.

## COUNT II – LOCAL 309 CLAIMS

**COMES NOW** Plaintiff, Local 309, and for its cause of action states:

23. Plaintiffs reallege and incorporate as part of Count II paragraphs 1 – 16 as if set out herein in full.

24. Local 309's claims are for breach of the Labor Agreement and the Amended Settlement Agreement and arise under Section 301 of the LMRA of 1947, as amended, 29 U.S.C. § 185.

25. To date, Defendant ITS Solar has failed to pay Local 309 $150.18 in attorneys' fees and $57.46 in costs due under the Amended Settlement Agreement. Defendant ITS Solar's failure to pay these amounts is a breach of the Labor Agreement and the Amended Settlement Agreement and a violation of Section 301 of the LMRA

26. For the months of September 2018 through the present, Defendant ITS Solar filed reports but failed to forward all of the withheld working dues to Local 309 for hours worked by Defendant ITS Solar's bargaining unit employees and covered individuals as required by the Labor Agreement. Defendant ITS Solar's failure to forward all of the withheld working dues to Local 309 is a breach of the Labor Agreement and the Amended Settlement Agreement and a violation of Section 301 of the LMRA.

27. Local 309 attempted to conduct an audit of Defendant ITS Solar's records to determine the exact amount of working dues owed by Defendant ITS Solar for the period from January 1, 2018 to the present.

28. To date, Defendant ITS Solar has failed to produce the documents necessary to complete the audit. Defendant ITS Solar's failure to produce the documents necessary to complete the audit is a breach of the Amended Settlement Agreement.

29. Absent an audit, it is impossible for Local 309 to establish the exact amount of working dues owed by Defendant ITS Solar for the period from January 1, 2018 to the present.

**WHEREFORE,** Local 309 prays for an order and judgment against Defendant ITS Solar providing for:

A. For payment of the $150.18 in attorneys' fees and $57.46 in costs owed to Local 309 under the terms of the Amended Settlement Agreement;

B. For an accounting and audit, at Defendant's expense, of the books and records of Defendant in order to determine and verify the precise and exact amount of working dues owed to Local 309 for the period from January 1, 2018 to the present;

C. For payment of the unpaid working dues owed to Local 309 for the months of January 2018 to present as determined by the audit;

D. For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E. For such further relief as the Court deems just, equitable and appropriate.

Respectfully submitted,

SCHUCHAT, COOK & WERNER

*/s/ Matthew B. Leppert*

8

Matthew B. Leppert (IL Bar No. 6283363)
Amanda K. Hansen (IL Bar No. 6310922)
Attorneys for Plaintiffs
Schuchat, Cook & Werner
1221 Locust Street, 2nd Floor
St. Louis, MO 63103
314-621-2626
314-621-2378 – Fax

769230.doc